UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORA BROWN,

                    Plaintiff,

          -against-                                    19-CV-6328 (CM)

AUTOMATIC; WORDPRESS.COM;                              ORDER TO AMEND
BLUEHOST; TWITTER,

                    Defendants.

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action asserting that Defendants committed fraud.

By order dated August 21, 2019, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court directs

Plaintiff to file an amended pleading within 30 days, addressing the deficiencies identified in this

opinion.

## STANDARD OF REVIEW

      The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original).

**BACKGROUND**

**A.    Subject Matter Jurisdiction**

Plaintiff uses the Court's general complaint form and checks the boxes indicating that the basis for jurisdiction is both federal question and diversity of citizenship. She sues Automatic, Wordpress.com, Bluehost, and Twitter for fraud. The complaint, which is very difficult to read, concerns Plaintiff's migration of her website from one server to another. She alleges that she had a domain website hosted on Wordpress.com and that she moved a subdomain of that website to Bluehost. After informing Wordpress.com that she was migrating her subdomain website to Bluehost, ICANN contacted her about the registrar of the website, and she learned that Automatic was claiming to be the registrar. Plaintiff filed a complaint against Automatic with ICANN and informed Bluehost that she was migrating her primary website to Bluehost and paid Bluehost $150.00 for the migration. Assuming that Automatic "had desisted" after receiving her complaint from ICANN, Plaintiff closed the case against Automatic. (ECF No. 2, p. 5.) But she later received notice that Bluehost migration team had not done the migration. Instead, Bluehost, with Automatic, had caused "irreparable damage" to her primary website and Twitter was "part of the mess." (*Id*. at 6.) Plaintiff seeks monetary compensation for the harm caused to both her primary and subdomain sites.

**DISCUSSION**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject

matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

## 1. Federal Question

Plaintiff fails to state a federal claim. To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a claim under federal law, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff invokes the Court's federal question jurisdiction but fails to plead facts showing that her claim arises under federal law. There is, therefore, no basis for her assertion of federal question jurisdiction.

## 2. Diversity of Citizenship

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction over any state law claims she brings in this action.

To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that he and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388

(1998). An individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). "A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff fails to meet her burden of showing that this Court has diversity jurisdiction over her claims. Plaintiff alleges that she resides in the State of New York, that Automatic and Wordpress.com are located in California, that Bluehost is located in Massachusetts, and that Twitter is located in New York. This information is insufficient to demonstrate that there is diversity of citizenship between Plaintiff and all Defendants. To the extent that any defendant is a corporation, Plaintiff would have to plead both where it is incorporated and where it has its principal place of business; for complete diversity to exist, no defendant could be incorporated in or have its principal place of business in New York. Wordpress.com may not be a suable entity; Plaintiff does not plead that it is a corporation or a partnership or some other entity that can be sued in its own name. And Plaintiff pleads no facts from which the court can ascertain what Automatic might be, let alone where it is domiciled for diversity purposes.

Ordinarily, Plaintiff would be granted leave to amend in order to see whether she could plead the existence of complete diversity; district courts generally grant a *pro se* plaintiff an

opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). However, there is a second component to diversity jurisdiction – the amount in controversy requirement, which would also have to be satisfied. The Court can dismiss a complaint for failing to plead that the amount in controversy exceeds $75,000, but only if there is "a legal certainty from the complaint that plaintiff cannot recover sufficient damages to invoke federal jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Ame., Inc.*, 999 F.2d 626, 628-29 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff does not allege any facts in the complaint suggesting that she is legally entitled to money amounting to $75,000.00 or more. She pleads only that she is out $150.00 – an amount well below the jurisdictional threshold. She claims that her web sites were damaged in nonspecific ways but does not assign any value to that damage. On the face of the pleadings, then, Plaintiff has not pleaded facts that would, if true, enable her to recover $75,000 or more. *Ochoa*, 999 F.2d at 629.

For that reason, the complaint must be dismissed.

The court will, however, give Plaintiff one more opportunity to allege sufficient facts to establish that diversity jurisdiction exists. In order to satisfy her burden, Plaintiff must (1) allege the place of incorporation and the principal place of business of each corporate defendant, (2) allege facts from which the citizenship of any noncorporate defendant can be ascertained; and (3) allege facts from which a trier of fact could conclude that she is owed $75,000 or more as a result of Defendants' actions. If Plaintiff is unable to meet this burden in an amended complaint, the

court will have to dismiss this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), without prejudice to Plaintiff's bringing her claims in an appropriate state court.

## LITIGATION HISTORY AND WARNING

In a matter of weeks, Plaintiff has filed eight cases in this Court, including this action. *See Brown v. Microsoft Corp.*, ECF 1:19-CV-6649, 5 (S.D.N.Y. Aug. 9, 2019) (dismissed for lack of subject matter jurisdiction); *Brown v. Apple Corp.*, ECF 1:19-CV-6648, 2 (S.D.N.Y. filed July 16, 2019); *Brown v. HP Inc.*, ECF 1:19-CV-6331, 2 (S.D.N.Y. filed July 8, 2019); *Brown v. CUCS*, ECF 1:19-CV-6330, 2 (S.D.N.Y. filed July 8, 2019); *Brown v. Fios*, ECF 1:19-CV-6329, 2 (S.D.N.Y. filed July 8, 2019); *Brown v. Rose*, ECF 1:19-CV-6786, 2 (S.D.N.Y. filed July 22, 2019); *Brown v. Etemao*, ECF 1:19-CV-6286, 5 (S.D.N.Y. Aug. 5, 2019) (dismissed for lack of subject matter jurisdiction). On August 9, 2019, Plaintiff was warned that further vexatious or frivolous litigation in this Court will result in an order barring her from filing any new actions *in forma pauperis* without prior permission. *See Brown*, ECF 1:19-CV-6649, 5; *see also* 28 U.S.C. § 1651. Plaintiff filed this action before that warning was issued. The Court now reiterates that warning. If Plaintiff is unable to plead facts establishing diversity, the court will issue an order to show cause why she should not be required to obtain permission from the court before filing any new action.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and note service on the docket. Plaintiff has consented to electronic service.

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-6328 (CM). An Amended Complaint form is

attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed and cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff is also warned that further vexatious or frivolous litigation in this Court will result in an order barring her from filing any new actions *in forma pauperis* (IFP) without prior permission. All other pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated:   September 20, 2019
         New York, New York

_____
        COLLEEN McMAHON
    Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
  ☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name             Middle Initial       Last Name

_____

Street Address

_____

County, City                     State             Zip Code

_____

Telephone Number           Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name            Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City            State            Zip Code

Defendant 2:

First Name            Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City            State            Zip Code

Defendant 3:

First Name            Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City            State            Zip Code

Defendant 4: _____

First Name               Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City           State        Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes     ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.