UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORA BROWN,

                Plaintiff,

        -v.-

AUTOMATTIC; BLUEHOST; and TWITTER,

                Defendants.

19 Civ. 6328 (KPF)

ORDER OF SERVICE

KATHERINE POLK FAILLA, District Judge:

    Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction and alleging that Defendants committed breach of contract, fraud, and other state-law claims.  By Order dated August 21, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued.

Moreover, the Court recognizes that its prior Order of Service contained incorrect addresses for Defendants, through no fault of Plaintiff. (Dkt. #8). The Court therefore extends the time to serve until 90 days after the date the new summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray* v. *Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Automattic Inc., Bluehost, and Twitter through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Automattic Inc., Bluehost, and Twitter and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: February 6, 2020
        New York, New York

KATHERINE POLK FAILLA
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Automattic, Inc.
   c/o Mindy Morton
   Procopio, Cory, Hargreaves & Savitch LLP
   1117 S California Ave, Suite 200
   Palo Alto, CA 94303

2. Bluehost
   Attn: Legal Department
   1500 N Priest Drive, Suite 200
   Tempe, AZ 85281

3. Twitter, Inc.
   1355 Market Street
   San Francisco, CA 94103