UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DORA I. BROWN,

                Plaintiff,

         -v.-

AUTOMATTIC INC.; BLUEHOST-
ENDURANCE INTERNATIONAL
GROUP; and TWITTER,

                Defendants.

19 Civ. 6328 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On July 28, 2020, the Court held an initial pretrial conference in this action. At the conference, Plaintiff requested leave to file a second amended complaint. That application is GRANTED. The Court ORDERS Plaintiff to file her Second Amended Complaint on or before **September 11, 2020**. Given that Plaintiff is proceeding *pro se*, the Court has attached to this Order instructions on how to file her Second Amended Complaint, as well as copies of Defendants' prior pre-motion letters. Defendants have until **October 9, 2020**, to inform the Court whether they wish to file an Answer or move to dismiss the Second Amended Complaint.

    SO ORDERED.

Dated:   July 28, 2020
            New York, New York

                                            KATHERINE POLK FAILLA
                                            United States District Judge

---

*A copy of this Order was mailed by Chambers to:*

```
Dora I. Brown
14 East 28th Street
#236
New York, NY 10016
```

**United States District Court
Southern District of New York**
Temporary_Pro_Se_Filing@nysd.uscourts.gov.

# FAQs: SELF REPRESENTATION DURING THE PANDEMIC

## How do I file papers?

- EMAIL. The fastest way to file documents at this time is by email. You may submit documents by reviewing the court's instructions for emailing documents, available at https://nysd.uscourts.gov/forms/instructions-filing-documents-email. The court has created a temporary email address, Temporary_Pro_Se_Filing@nysd.uscourts.gov, for self-represented litigants to use to email their documents. Documents submitted that do not comply with the instructions will be disregarded.

- DROP BOX. If you are unable to email your documents, you may drop them off at the courthouse. (See drop box location information below.)

- MAIL. You may still mail documents to the Daniel Patrick Moynihan (DPM) Courthouse, Pro Se Intake Unit, 500 Pearl Street, New York, NY 10007, or for White Plains matters, the Charles L. Brieant (CLB) Courthouse, Pro Se Intake Unit, 300 Quarropas Street, White Plains, NY 10601. Overnight delivery service is also accepted.

- Please note that filings submitted by email are likely to be processed more quickly than filings made by drop box or mail.

## Is the courthouse open?

- The DPM Courthouse is open to submit documents at the "drop box." The drop box is located in the lobby of the 200 Worth Street entrance to the DPM Courthouse, next to the security station and is available 24 hours a day and 7 days a week to drop off filings. Clerk's Office staff is available to retrieve drop box filings only during the hours of 8:30 a.m. to 4:00 p.m., Monday through Friday. The Thurgood Marshall Courthouse located at 40 Foley Square is closed to the public. The Pro Se Intake Unit is not providing in-person assistance, but the Unit is answering questions by telephone at (212) 805-0175.

- The CLB Courthouse in White Plains located at 300 Quarrapos is open to submit documents at the drop box, from 8:30 a.m. to 4:00 p.m. The White Plains drop box is located in the lobby of the CLB Courthouse, next to security.

- Emergency civil applications received during the hours of 8:30 a.m. to 4:00 p.m., Monday through Friday, may be handled by the Part I Judge, but you must first call (212) 805-0140 in Manhattan or (914) 390-4000 in White Plains to alert staff of an emergency application after submitting the filing in the drop box at one of the designated courthouse locations.

- All documents submitted by drop box must be time stamped on the first page of each document. A stamping machine is located next to each drop box.

### Will the judge still hold conferences in my case?

- **YES.** Cases are still proceeding, and judges may hold telephone conferences. The judge will let you know when and how your conference will proceed. But judges are not holding in-person conferences.

### Are cases still being referred to mediation?

- **YES.** Mediations are being conducted by telephone and videoconference, or are being scheduled to take place in person once it is safe to meet again. Pro bono counsel is still being assigned.

### Can I call the Pro Se Intake Unit?

- **YES.** You may call (212) 805-0175 to speak with someone in the Pro Se Intake Unit, but because the courthouse is operating with greatly reduced staffing, someone may not immediately answer your call. Please try to call at a different time if you are experiencing a wait.

### Is the NYLAG legal-advice clinic open?

- **YES.** Limited scope representation will continue to be provided, but only by appointment and only over the phone. You may call the clinic at (212) 659-6190 and leave a message with your telephone number, and someone will return your call. More information regarding the clinic's

current schedule is available here, https://nysd.uscourts.gov/attorney/legal-assistance, and in NYLAG's recent flyer.

### Can I start a new case?

- **YES.** New cases may be filed by emailing documents to: Temporary_Pro_Se_Filing@nysd.uscourts.gov. Instructions for filing new cases are on the court's website.

- If you are unable to email your documents, you must submit them by mail to the Pro Se Intake Unit at 500 Pearl Street.

- You may also submit a new case by leaving your documents in one of the courthouse drop boxes.

### Will I still receive court orders?

- **YES.** But mail may be delayed. If you have an email address, you can receive court orders more quickly by completing a signed consent to electronic service form to receive court documents and emailing this document to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

### Will the U.S. Marshals Service (USMS) still serve my complaint?

- **YES.** The USMS will continue to serve summonses and complaints by regular mail, but a standing order issued by this Court has suspended personal service by the USMS until further notice. Service by mail may be delayed.

### Can I ask for an extension of time?

- **YES.** If you require more time to submit your documents, you may request an extension of time from the judge. To request an extension, you must file a letter motion, by either emailing the letter to Temporary_Pro_Se_Filing@nysd.uscourts.gov, mailing the letter to the Pro Se Unit at 500 Pearl Street, or dropping the letter off at the drop box.

# S MITH  M AZURE , P.C.
### ATTORNEYS AT LAW

| | | |
|---|---|---|
| Long Island Office: | | New Jersey Office: |
| 200 Old Country Road, Suite 590 | 111 John Street | 92 East Main Street, Suite 402 |
| Mineola, New York 11501 | New York, New York 10038 | Somerville, New Jersey 08876 |
| (516) 414-7400 | (212) 964-7400 | (908) 393-7300 |
| (516) 294-7325 Fax | Fax (212) 374-1935 | Fax (908) 231-1030 |

*Writer's Direct Dial:* (212) 485-8724
asclar@smithmazure.com

*Please Respond to:*
New York, NY

April 16, 2020

Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Courtroom 618
New York, New York

  Re: Dora I. Brown v. Automattic Inc., Bluehost, Twitter, Inc.
     Index No. : 19 Civ. 6328 (KPF)
     Our File  : SMC-00132

Dear Honorable Failla:

  This firm is local counsel for defendant Automattic Inc. in the above-referenced action, and together with Melinda Morton of Procopio, Cory, Hargreaves & Savitch, LLP, who is lead counsel for Automattic, we submit this letter as required by the Court's Notice of Initial Pretrial Conference in *Pro Se* Action, Dkt. No. 10.

### (1) A brief statement of the nature of the action and the principal defenses thereto

  Ms. Brown has sued Automattic, Twitter and Bluehost. It is somewhat unclear what Ms. Brown's causes of action are. The case appears to center around her request to transfer the contents of a WordPress.com account to Bluehost, and then her confusion as to why the domain name was not also transferred. Automattic's employees offered to assist her, as the documents attached to the amended complaint show, but instead, Ms. Brown filed this lawsuit.

  The initial Complaint lists the cause of action as fraud. Automattic's principal defense is failure to state a claim. *See* Dkt. No. 2.

  The Amended Complaint references copyright and trademark rights, but Ms. Brown does not identify any copyrighted or trademarked material that Automattic allegedly infringed. Automattic's principal defense is failure to state a claim. *See* Dkt. No. 6.

Page 2
April 16, 2020

### (2) A brief explanation of why jurisdiction and venue lie in this Court

Automattic is incorporated in Delaware and its principal place of business is in California. Ms. Brown alleges she was injured in the Southern District of New York and that she has sustained damages in excess of $75,000. Automattic denies that it caused any damage to Ms. Brown. Automattic's terms of service that Ms. Brown agreed to state that "The proper venue for any disputes arising out of or relating to the Agreement and any access to or use of our Services will be the state and federal courts located in San Francisco County, California." Further, any such dispute is governed by California law.

### (3) A statement of all existing deadlines, due dates, and/or cut-off dates

The Court set an initial pretrial conference for April 23, 2020 at 4:00 p.m. Automattic's response to the Amended Complaint is due on April 27, 2020. There are no other due dates or deadlines of which Automattic is aware.

### (4) A brief description of any outstanding motions

There are no outstanding motions.

### (5) A brief description of any discovery that has already taken place (including any discovery pursuant to S.D.N.Y. Local Rule 33.2) and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations

There is no discovery that has taken place. Automattic has attempted to engage with Ms. Brown to settle the case, but she has not been willing to discuss settlement. Automattic does not believe that discovery would assist in settlement negotiations.

### (6) Any other information that the parties believe may assist the Court in advancing the case

Automattic intends to move to dismiss the Amended Complaint for failure to state a claim and/or for a more definite statement. Ms. Brown has not alleged any actions by Automattic that constitute fraud, copyright infringement or trademark infringement. None of the documents attached to the Amended Complaint support any of these three causes of action. Automattic anticipates filing a three page pre-motion letter next week pursuant to the Court's rules.

Respectfully yours,

SMITH MAZURE, P.C.

By: _____
ALAN SCLAR

Page 3
April 16, 2020

AMS/khs

cc:     Dora I. Brown
        14 East 28th Street, Apartment 236
        New York, NY  10016
        Plaintiff *Pro Se*

        Cozen O'Connor (Broadway)
        45 Broadway Atrium, Suite 1600
        New York, NY 10006
        (212) 453-3808
        Fax: (646) 588-1450
        Attorneys for Bluehost-Endurance International Group

        Perkins Coie LLP
        1155 Avenue of the Americas
        22nd Floor
        New York, NY 10036
        (212) 261-6919
        Attorneys for Twitter, Inc.

3



April 16, 2020

**William Lesser**
Direct Phone   212-453-3808
Direct Fax       646-588-1450
wlesser@cozen.com

**VIA ECF**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

Re:   *Dora I. Brown v. Automattic, et al.*: Case No.: 1:19-cv-06328-KPF

Dear Judge Failla:

We represent Defendant Bluehost Inc. ("Bluehost") in the above-captioned action, and we respectfully submit this correspondence pursuant to Your Honor's January 28, 2020 Notice of Initial Pretrial Conference in *Pro Se* Action.  *See* Doc. 10.

As described below, *pro se* Plaintiff Dora Brown ("Plaintiff") has not alleged any wrongdoing by Bluehost, and her Amended Complaint (Doc. 6) does not contain any factual allegations that would support a cause of action against Bluehost.  Therefore, Bluehost should be dismissed from this action.

**I.     Brief Statement Of The Nature Of The Action And The Principal Defenses Thereto**

Although Plaintiff's pleadings are difficult to decipher, it appears that in her initial complaint, Doc. 2, she asserted a single claim of fraud against Defendants Automattic Inc. ("Automattic"), Twitter, Inc. ("Twitter"), and Bluehost,[1] based on the migration of her website from Automattic's hosting service to Bluehost's hosting service.  *See* Doc. 5, at 2.  Plaintiff filed her Amended Complaint after the Court dismissed her complaint *sua sponte* for lack of subject matter jurisdiction.  *See* Doc. 5, at 6.  Plaintiff's Amended Complaint contains no new factual allegations, and no claim of wrongdoing by Bluehost.  As a result, Plaintiff's claim against Bluehost must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), as Plaintiff's

---

[1] Bluehost is a domain name registrar, meaning that it is responsible for managing the reservation of Internet domain names registered through it by members of the public.  As relevant to this action, Bluehost also offers web hosting services, whereby a customer pays Bluehost a monthly fee to lease space on Bluehost's servers to host their website.

The Honorable Katherine Polk Failla
April 16, 2020
Page 2

allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The unspecified fraud claim in Plaintiff's initial complaint also fails as a matter of law. *See* Doc. 2, at 2; Doc. 5, at 2. This claim requires "(1) a material representation or omission of fact; (2) made with knowledge of its falsity; (3) with scienter or an intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) such reliance caused damage to the plaintiff." *DeAngelis v. Corzine*, 17 F. Supp. 3d 270, 280 (S.D.N.Y. 2014). Moreover, "allegations of fraud are subject to a heightened pleading standard," which requires that Plaintiff "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197-198 (2d Cir. 2013). Plaintiff does not allege that Bluehost made any representation, or that Plaintiff relied on any such representation, or that she was damaged as a result of any such representation. Therefore, Plaintiff's claim fails as a matter of law.

Given that Plaintiff has already had an opportunity to amend her pleading, and given Plaintiff's history of filing "vexatious or frivolous litigation,"[2] *see* Doc. 5, at 6, Plaintiff should not be granted leave to amend again. Bluehost should be dismissed from this matter with prejudice.

II.     **Brief Explanation Of Why Jurisdiction And Venue Lie In This Court**

Plaintiff is attempting to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, *see* Doc. 6, at 4, which requires that Plaintiff (a) plead that she and the defendants are citizens of different states, and (b) "allege to a 'reasonable probability'" that her claim exceeds $75,000. Doc. 5, at 4-5. Bluehost is a Utah corporation headquartered in Massachusetts, and is therefore of diverse citizenship from Plaintiff, who is a New York resident. However, Plaintiff has not alleged facts necessary to meet the amount in controversy requirement, as she merely speculates that she can meet this threshold "since [her website] was also a web based business plan in the process of being constructed." *See* Doc. 6, at 25. Such damages are not recoverable as a matter of law, because they are "speculative, expected proceeds" of a theoretical business. *See Nwanza v. Time, Inc.*, 125 Fed. App'x 346, 348 (2d Cir. 2005). Therefore, "Plaintiff has not pleaded facts that would, if true, enable her to recover $75,000 or more." *See* Doc. 5, at 5.

III.    **Statement Of All Existing Deadlines, Due Dates, And/Or Cut-off Dates**

The Court has set an initial pretrial conference in this matter for April 23, 2020, at 4:00 p.m. ET. Bluehost's deadline to respond to the Amended Complaint is April 27, 2020. If

---

[2] This lawsuit was one of approximately eight cases Plaintiff filed in this court "[i]n a matter of weeks," *see* Doc. 5, at 6, all of which were dismissed *sua sponte* for lack of subject matter jurisdiction.

The Honorable Katherine Polk Failla
April 16, 2020
Page 3

Bluehost is not otherwise dismissed from this lawsuit before its responsive pleading deadline, Bluehost intends to request a pre-motion conference regarding its proposed motion to dismiss, in accordance with Section 4(A) of Your Honor's Individual Rules of Practice in Civil Cases, *see* Doc. 10, at 8-9.

**IV.     Brief Description Of Any Outstanding Motions**

Bluehost does not have any motions outstanding, and is unaware of other outstanding motions.

**V.      Brief Description Of Any Discovery That Has Already Taken Place And Any Discovery Necessary For The Parties To Engage In Meaningful Settlement Negotiations**

No discovery has taken place as to Bluehost, and no discovery is necessary to resolve this matter. Bluehost has attempted to confer with Plaintiff regarding this matter, but does not believe that further discussions would be fruitful at this time.

**VI.     Other Information That May Assist The Court In Advancing The Case**

Bluehost does not have other information that it believes may assist the Court in advancing this matter.

Respectfully submitted,

COZEN O'CONNOR

*s/William Lesser*

PERKINSCOIE

1155 Avenue of the Americas
22nd Floor
New York, NY 10036-2711

T. +1.212.262.6900
F. +1.212.977.1649
PerkinsCoie.com

Adam H. Schuman
ASchuman@perkinscoie.com
D. +1.212.261.6919
F. +1.212.399.8009

April 16, 2020

The Honorable Judge Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2103
New York, NY 10007

**Re:**   *Brown v. Automattic, Inc., et al*., No. 1:19-cv-06328 (KPF)
     **Initial Pretrial Conference Letter on Behalf of Defendant Twitter, Inc.**

Dear Judge Failla:

This firm represents defendant Twitter, Inc. ("Twitter") in the referenced action, and we submit this letter seven days before the initial pretrial conference set for April 23, 2020 at 4:00 p.m., as required by this Court's Notice of Initial Pretrial Conference in *Pro Se Action*, ECF No. 10.

As described below, pro se plaintiff Dora Brown's Amended Complaint nominally identifies Twitter as a defendant, but contains no factual allegations or causes of action asserted against Twitter. Accordingly, Twitter should be dismissed from this case.

**Brief Statement of The Nature of This Action and Principal Defenses Thereto**

Plaintiff has named Twitter as a defendant in this lawsuit but asserts no allegations against Twitter in the operative Amended Complaint. *See* ECF No. 6. Twitter has attempted to confer with Plaintiff but has been unable to reach her. Because there are no allegations against Twitter, and because Plaintiff has already had an opportunity to amend her complaint, there is no basis for this case to proceed against Twitter or to allow Plaintiff leave to amend again. This is particularly so given that the Court already has warned Plaintiff against filing vexatious or frivolous litigation. *See* ECF No. 5. Twitter should be dismissed from this matter with prejudice.

**Brief Explanation of Why Jurisdiction and Venue Lie in This Court**

There are no allegations against Twitter in the operative Amended Complaint, so Twitter is unable to discern what Plaintiff believes might be a basis for personal jurisdiction or for venue to lie in this Court as to Twitter. With regard to jurisdiction and the statutory requirements of 28 U.S.C. § 1332, Twitter is headquartered in San Francisco, California, and is therefore of diverse citizenship from Plaintiff, who is a resident of New York. Although Plaintiff claims to have

The Honorable Judge Katherine Polk Failla
Page 2
April 16, 2020

suffered $75,000 in damages, no allegations are asserted against Twitter so Twitter cannot be liable for any damages, and no subject matter jurisdiction exists. Lastly, with regard to venue, Twitter's Terms of Service, which would apply to any putative claims brought by a Twitter account holder, require that any disputes regarding the provision of its service be brought only in the state or federal courts in San Francisco County, California.

**Statement of All Existing Deadlines, Due Dates, and/or Cut-off Dates**

This Court has set an initial pretrial conference in this matter on April 23, 2020, at 4:00 p.m. Twitter's deadline to respond to the Amended Complaint is April 27, 2020. If Twitter is not otherwise dismissed from this lawsuit before its upcoming response deadline, Twitter seeks to move to dismiss the Amended Complaint, including based on its failure to plead any factual allegations or causes of action against Twitter.

**Brief Description of Any Outstanding Motions**

Twitter does not have any motions outstanding and is unaware of other outstanding motions.

**Brief Description of Any Discovery That Has Already Taken Place and Any Discovery Necessary for the Parties to Engage in Meaningful Settlement Negotiations**

No discovery has taken place as to Twitter. Given that Plaintiff's dispute is with other parties, there is no discovery necessary or settlement discussions to undertake as to Twitter.

**Other Information That May Assist the Court in Advancing the Case**

Twitter does not have other information that it believes may assist the Court in this manner.


Respectfully submitted,

*/s/ Adam H. Schuman*
Adam H. Schuman

*Counsel for Defendant Twitter, Inc.*

cc: All parties via ECF


147898983.2