**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DORA BROWN,

Plaintiff,

-against-

AUTOMATTIC; BLUEHOST; and TWITTER,

Defendants.

Case No. 1:19-cv-06328-KPF

**AUTOMATTIC'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT**

**MEMORANDUM OF POINTS AND AUTHORITIES**

## TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. FACTS ..... 2

III. LEGAL STANDARD ..... 3

IV. ARGUMENT ..... 4

a. The Copyright Claim Must Be Dismissed as Plaintiff Has Not Alleged a Registered Copyright ..... 5

b. The Breach of Contract Claim Must be Dismissed Because Plaintiff Has Not Alleged a Breach ..... 5

c. The Conversion Claim Must be Dismissed Because Plaintiff Has Not Alleged Conversion of Personal Property or Interference and Gave Permission for Domain Transfer ..... 7

d. The Fraud Claim Must be Dismissed Because Plaintiff Has Failed to Identify Any False Statements or Justifiable Reliance and Fails to Meet the FRCP 9(b) Particularity Standard ..... 8

e. Plaintiff's Allegations Relating to 24x7wpsupport.com do Not Relate to Automattic ..... 9

f. Leave to Amend the TAC Would be Futile. ..... 9

g. Alternatively, Plaintiff Should Provide A More Definite Statement Of Her Claim Because The Operative Complaint Does Not Identify Automattic's Alleged Misconduct Or The Harm Plaintiff Has Allegedly Suffered. ..... 9

V. CONCLUSION ..... 10

**TABLE OF AUTHORITIES**

Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 3, 4, 5

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007) .......... 5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, (2007) .......... 5

*Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*,
187 F.3d 229 (2d Cir. 1999) .......... 10

*Colavito v. N.Y. Organ Donor Network, Inc.*,
8 N.Y.3d 43 (N.Y. 2006) .......... 9

*Cosmas v. Hassett*,
886 F.2d 8 (2d Cir. 1989) .......... 10

*Engineering Dynamics, Inc. v. Structural Software, Inc.*,
26 F.3d 1335 (5th Cir. 1994) .......... 7

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) .......... 7

*First Capital Asset Management, Inc. v. Satinwood, Inc.*,
385 F.3d 159 (2d Cir. 2004) .......... 10

*Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*,
139 S.Ct. 881 (2019) .......... 7

*Gentlewolf v. Windham Cty. Humane Soc.*,
2009 WL 4067798 (D. Vt. Nov. 23, 2009) .......... 12

*JP Morgan Chase v. J.H. Elec. of New York, Inc.*,
69 A.D.3d 802 (N.Y. App. Div. 2010) .......... 7

*M & T Bank Corp. v. Gemstone CDO VII, Ltd.*,
68 A.D.3d 1747 (N.Y. App. Div. 2009) .......... 7, 8

*Parrella v. Lawrence & Mem'l Hosp.*,
2009 WL 1279290 (D. Conn. May 5, 2009) .......... 12

*Pelmen ex rel. Pelman v. McDonald's Corp.*,
396 F.Supp.2d 439 (S.D.N.Y. 2005)) (“courts in this district have granted .......... 12

*Phipps v. City of New York*,
2019 WL 4274210 (S.D.N.Y. Sept. 10, 2019) .......... 11

*Rapoport v. Asia Elecs. Holding Co.*,
88 F. Supp.2d 179 (S.D.N.Y. 2000) .......... 5

*Rohring v. Pegasus Support Servs., LLC*,
2020 WL 2465091 (W.D.N.Y. May 13, 2020)....6, 11, 12

*Ruotolo v. City of New York*,
514 F.3d 184 (2d Cir. 2008) ....6, 11

*Salonclick LLC v. SuperEgo Management LLC*,
2017 WL 239379 (S.D.N.Y., Jan. 18, 2017) ....9

*Swierkiewicz v. Sorema N. A.*,
534 U.S. 506 (2002) ....6

*Thyroff v. Nationwide Mut. Ins. Co.*,
8 N.Y.3d 283 (2007)....9

*Vasquez v. Yadali*,
2020 WL 6384067 (S.D.N.Y., Oct. 30, 2020)....6, 11

*Wornow v. Register.com, Inc.*,
8 A.D.3d 59 (1st Dept. 2004) ....9

*Statutes*

17 U.S.C. § 411(a)....7

Rules

Fed. R. Civ. P. 8(a)(2) ....5
Fed. R. Civ. P. 9(b)....10
Fed. R. Civ. P. 12(b)(6) ....5, 12
Fed. R. Civ. P. 12(e)....6, 11, 12

Defendant Automattic Inc. ("Automattic") hereby submits its Memorandum of Points and Authorities in Support of its Motion to Dismiss all causes of action in Plaintiff Dora Brown's Third Amended Complaint pursuant to F.R.C.P. 12(b)(6) without leave to amend. In the alternative, Automattic moves for a more definite statement pursuant to F.R.C.P 12(e).

## I. INTRODUCTION

Automattic operates the hosting platform WordPress.com and also operates as a domain registrar. Plaintiff's Third Amended Complaint ("TAC")[1] alleges that (1) Automattic infringed Ms. Brown's copyright(s); (2) Automattic failed to honor its Terms of Service; (3) Automattic "appropriated" the domain name www.thetranspersonalway.training by claiming to have "created" the domain, when the registrar was actually www.WordPress.org ; and (4) Automattic committed fraud by failing to deliver what was in the premium plans purchased by Ms. Brown.[2]

Plaintiff's TAC fails to state a claim. Although *pro se* plaintiffs are allowed reasonable opportunities to plead their claims, Ms. Brown has failed to plausibly allege facts that support any causes of action against Automattic. The operative pleading that includes the Third Amended Complaint, the Second Amended Complaint and the transcript from the July 28, 2020 hearing does not specifically allege any causes of action or plead facts in support of any causes of action. Instead, the TAC appears to be "an unadorned, the-defendant-unlawfully-harmed-me accusation" that was found to be inadequate in *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Second Amended Complaint includes many pages of exhibits, but most of the exhibits appear to relate to another company, 24x7wpsupport.com, that is not affiliated with Automattic and WordPress.com. It appears that some of Ms. Brown's concerns about her website were caused by or relate to actions taken by this third party company who is not a defendant in this action. Simply, even under the liberal federal pleading standards, Ms. Brown's complaint does not offer sufficient

[1] Pursuant to the Court's October 22, 2020 Order, the operative pleading includes the Second Amended Complaint (Dkt. No. 41) , the Third Amended Complaint (Dkt. No. 43), and Plaintiff's statements made during the conference on July 28, 2020 (Dkt. No. 39). (Dkt. No. 44.) Automattic will refer to the collective operative pleading as the TAC, and refer to the individual parts by docket number.

[2] As the TAC does not include specific causes of action, the four identified causes of action are Automattic's understanding of the claims against it. Automattic moves alternatively for a more definite statement, *infra*, at Section IV.g.

factual allegations to support the claims apparently alleged.

First, Plaintiff's copyright claim fails as Ms. Brown has not alleged ownership of a registered copyright, and she therefore lacks standing. Second, Plaintiff's contract claim, apparently based on a "violation" of Ms. Brown's copyrights, must fail because (1) Ms. Brown has not alleged any registered copyrights, (2) the TAC does not identify the provision allegedly breached as required by New York law, and (3) pursuant to Automattic's Terms of Service, Ms. Brown granted a license to Automattic for use of any copyrights. Third, Plaintiff's "appropriation" claim, which Automattic interprets as a claim for conversion, must fail, as (1) under New York law, a domain name is not property that can be converted; (2) Ms. Brown has not alleged any interference with her "right of possession," and (3) Ms. Brown specifically granted authority to Automattic to register the domain. Fourth, Ms. Brown fails to state any fraud claim with the particularity required and fails to state any misrepresentation or reliance on such misrepresentation. Finally, Ms. Brown's inclusion of emails and chats with a third-party company, and discussion of the mistakes made by this company, shows that she may have improperly sued Automattic for claims she may have against 24x7wpsupport.com. The TAC, therefore, should be dismissed. Moreover, such dismissal should be with prejudice because Plaintiff's apparent claims are fatally flawed, and because Plaintiff has now tried and failed four times to assert a valid cause of action, despite extensive guidance from the Court.

In the alternative, Automattic moves for a more definite statement, as Plaintiff's TAC is so general that Automattic is unable to discern the nature of Plaintiff's claims; indeed, Automattic is unsure as to precisely what claims have been alleged against it.

## II. FACTS

The TAC alleges claims against Automattic, Bluehost, and Twitter. Ms. Brown alleges that she had several domains, including the domain at issue here, www.thetranspersonalway.training. (Dkt. 43 at 1.) She alleges that www.thetranspersonalway.training was originally registered with www.WordPress.org (a website that is not owned by Automattic). (*Id.*) Automattic owns and

operates www.WordPress.com, a hosting platform. (*See* Declaration of Melinda Morton, Exhibits A & B.) Automattic also acts as a domain registrar. (Dkt. No. 41 at 4.)

Ms. Brown's complaints appear to relate to her request to upgrade her domain www.thetranspersonalway.training from www.wordpress.org to www.WordPress.com. (Dkt. No. 43 at 1.) For example, Ms. Brown states that she "upgraded thetranspersonalway.training to WordPress.com." (Dkt. No. 41 at 7.) Further, the representative from Ms. Brown's website design company (24x7wpsupport.com) instructed her to write in www.ev7blog.com instead of in www.transpersonalway.training and suggested that she cancel a plan from "wordpress.com." (Dkt. No. 41 at 21-24.) In one of the chats with Automattic support, Ms. Brown states that she received an email regarding the purchase of "a domain transfer upgrade." She then says that she had issues with her other site, so she "upgraded thetranspersonalway.training." (*Id.* at 50.) Ms. Brown also includes an email from WordPress.com stating that "we need you to start the domain transfer." (*Id.* at 37-38.) The copy of the email is a bit unclear, but it appears to relate to the chat conversation referenced at p. 50 of Docket No. 41, thus providing further evidence that Ms. Brown consented to the registration of www.transpersonalway.training with Automattic. Automattic sent information regarding www.thetranspersonalway.training to Ms. Brown on November 7, 2018 showing the information displayed with ICANN. (*Id.* at 45-46.) This information shows that Automattic is the registrar and that Ms. Brown paid to keep her contact information private. (*Id.*) In addition, at the July 28, 2020 hearing, Ms. Brown agreed that www.thetranspersonalway.training "remained on Automattic." (Dkt. No. 39 at 19:6-11.) She then stated that she wanted to move it elsewhere so she could use Sitelock. (*Id.* at 19: 13-17.) Ms. Brown then paid Defendant Bluehost to transfer the www.thetranspersonalway.training to Bluehost, and she alleges that there were issues with the transfer. (*Id.* at 21:20-22:6.) As Automattic was not hired to transfer the website, Automattic is not responsible for any alleged problems with the transfer. (*Id.*)

## III. LEGAL STANDARD

The Federal Rules require that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the plaintiff's obligation to provide "the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (citation and quotation omitted). The complaint must

have "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule 12(b)(6) requires dismissal when the complaint fails to "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly,* 550 U.S. at 570). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a Defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 78 (quoting *Twombly,* 550 U.S. at 557) (internal citations omitted).

Although a 12(b)(6) motion is typically limited to the allegations in the complaint, Courts may consider "any written instrument attached to the complaint" and "matters subject to judicial notice." *ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007). Further, if plaintiff relies on a document but contradicts the clear terms within the document, "the document[] control[s] and this Court need not accept as true the allegations in the …complaint." *Rapoport v. Asia Elecs. Holding Co.,* 88 F. Supp.2d 179, 184 (S.D.N.Y. 2000).

Further, although "a *pro se* plaintiff 'should be afforded every reasonable opportunity to demonstrate that [s]he has a valid claim,'… '[w]here it appears that granting leave to amend is unlikely to be productive,' it need not be permitted." *Vasquez v. Yadali*, No. 16-CV-00895 (PMH)) 2020 WL 6384067, at *1 (S.D.N.Y., Oct. 30, 2020). Leave to amend may be denied for "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Rohring v. Pegasus Support Servs., LLC,* No. 19-CV-905 (JLS), 2020 WL 2465091, at *2 (W.D.N.Y. May 13, 2020) (quoting Fed. R. Civ. P. 12(e)); *see also Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002) ("If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding.").

## IV. ARGUMENT

Ms. Brown fails to state a claim as a matter of law as to any of the potential causes of action

alluded to in the operative complaint. She has not registered a copyright, she has not alleged conversion of private property, and she has not properly alleged, even under generous pleading standards, any of the four causes of action. It also appears that Ms. Brown has named the wrong party with respect to at least some of her claims. Moreover, a fourth attempt to amend would be futile, as Ms. Brown has not plausibly alleged these claims in her first four tries. Therefore, the motion to dismiss should be granted without leave to amend. In the alternative, the Court should grant Automattic's motion for a more definite statement, as the TAC is so vague and ambiguous that Automattic is left to speculate as to the proper causes of action and facts in support thereof.

**a. <u>The Copyright Claim Must Be Dismissed as Plaintiff Has Not Alleged a Registered Copyright.</u>**

In order to prevail in a copyright infringement action, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of protected expression contained in the allegedly infringed work by the defendants. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991). To show ownership of a valid copyright and therefore satisfy *Feist*'s first prong, Ms. Brown must prove that she complied with applicable statutory formalities. *See Engineering Dynamics, Inc. v. Structural Software, Inc*., 26 F.3d 1335, 1340 (5th Cir. 1994); 4 Nimmer on Copyright § 13.01(A)(1997) (footnotes omitted).

Ms. Brown does not allege or cite to any registered copyright. The TAC simply states that defendants "individually or collectively violated my intellectual property rights. Found out the US does not recognize 'database rights,' so, unfortunately that is moot, but my copyrights are." (Dkt. No. 43 at 2.) Therefore, this claim must be dismissed because Ms. Brown does not allege a registered copyright, which is a prerequisite to filing suit for copyright infringement. 17 U.S.C. § 411(a); *see Fourth Estate Public Benefit Corporation v. Wall-Street.com, LLC*, 139 S.Ct. 881, 892 (2019) (plaintiff who does not have a registered copyright lacks standing to file suit for copyright infringement).

**b. <u>The Breach of Contract Claim Must be Dismissed Because Plaintiff Has Not Alleged a Breach.</u>**

The TAC alleges that "[a]ll three entities have failed to honor the terms of service and in the process, and individually or collectively violated my intellectual property rights." (Dkt. No. 43 at 2.) The TAC further explains that the intellectual property rights at issue are copyrights. (*Id.*) To the extent this allegation is intended to plead a breach of contract, it fails as a matter of law, because

(1) as discussed *supra,* Ms. Brown has not alleged any registered copyrights, (2) the TAC does not identify the provision alleged to be breached, and (3) pursuant to Automattic's Terms of Service, Ms. Brown granted a license to Automattic for use of any copyrights. Therefore, the breach of contract claim must be dismissed.

To state a claim for breach of contract under New York law, the TAC must allege "the existence of a contract, the plaintiff's performance under the contract, the defendant's breach of that contract, and resulting damages." *JP Morgan Chase v. J.H. Elec. of New York, Inc.*, 69 A.D.3d 802, 803 (N.Y. App. Div. 2010). In addition, a plaintiff must set forth "the provisions of the contract upon which the claim is based." *M & T Bank Corp. v. Gemstone CDO VII, Ltd.*, 68 A.D.3d 1747, 1750 (N.Y. App. Div. 2009). Here, Ms. Brown has not alleged any provision of the Terms of Service that Automattic has allegedly breached; instead, Ms. Brown merely states that Automattic "failed to honor" the contract. (Dkt. No. 43 at 2.) None of the other documents forming the operative pleading include any information as to what provision Ms. Brown claims to have been breached. Therefore, the breach of contract claim must be dismissed for failure to identify the specific terms of the agreement that Automattic allegedly breached.

The TAC alleges that Automattic somehow violated Ms. Brown's copyrights. (*Id.*) However, as discussed in Section III.a, *supra,* Ms. Brown has not alleged any facts showing that she has registered copyrights. Moreover, even if she had alleged valid copyrights, she has not alleged how Automattic violated the copyrights in breach of the Terms of Service. This failure to allege valid copyrights and to allege any breach of contract related to the copyrights is also grounds for dismissal.

Finally, the Terms of Service specifically grant "a world-wide, royalty-free, and non-exclusive license to reproduce, modify, adapt and publish the Content solely for the purpose of displaying, distributing, and promoting your blog." (Declaration of Melinda Morton, Exhibit A at ¶ 1, B at ¶ 1.)[3] Further, Automattic also has the right to make public content available to third parties to distribute. (*Id.*) Therefore, to the extent that Ms. Brown claims that Automattic violated the TOS by infringing any copyright, those claims fail because she granted a license to Automattic. For these reasons, the breach of contract claim should be dismissed.

---

[3] The operative language in the January 31, 2018 and May 14, 2018 Terms of Service are the same.

**c. The Conversion Claim Must be Dismissed Because Plaintiff Has Not Alleged Conversion of Personal Property or Interference and Gave Permission for Domain Transfer.**

The conversion claim, based on Automattic's alleged "appropriation" of the registry of the domain name, must also be dismissed for failure to state a claim, as (1) under New York law, a domain name is not personal property that can be converted; (2) Ms. Brown has not alleged any interference with her "right of possession," and (3) Ms. Brown specifically granted authority to Automattic to register the domain. To state a claim for conversion, Ms. Brown must show that "someone, intentionally and without authority, assume[d] or exercise[d] control over personal property belonging to someone else, interfering with that person's right of possession." *Colavito v. N.Y. Organ Donor Network, Inc.* 8 N.Y.3d 43, 49-50 (N.Y. 2006). However, under New York law, a domain name is not personal property, and it therefore cannot be converted. *See Wornow v. Register.com, Inc.,* 8 A.D.3d 59, 59 (1st Dept. 2004).[4]

In addition, Ms. Brown fails to plead facts showing that there was any "interference with her right of possession," as there are no allegations that she was unable to access the www.transpersonalway.training website due to the alleged improper registration by Automattic. To the contrary, the TAC contains evidence that Ms. Brown authorized the registration of the domain by Automattic. For example, Ms. Brown states that she "upgraded thetranspersonalway.training to WordPress.com." (Dkt. No. 41 at 7.) Further, the representative from Ms. Brown's website design company (24x7wpsupport.com)[5] instructed her to write in www.ev7blog.com instead of in www.transpersonalway.training and suggests that she cancel a plan from "wordpress.com." (Dkt. No. 41 at 21-24.) In one of the chats with Automattic support, Ms. Brown states that she received an email regarding the purchase of "a domain transfer upgrade." She then says that she had issues with her other site, so she "upgraded thetranspersonalway.training." (*Id.* at 50.) Finally, Ms. Brown includes an email from

[4] One New York case later found an exception for electronic records, but this exception has not been applied to domain names. *See Thyroff v. Nationwide Mut. Ins. Co.,* 8 N.Y.3d 283, 289 (2007) (holding that intangible property such as electronic records can be converted); *see also Salonclick LLC v. SuperEgo Management LLC,* No. 16 CIV. 2555 (KMW)) 2017 WL 239379, at *3 (S.D.N.Y., Jan. 18, 2017) (distinguishing *Wornow* because it "focused exclusively on the domain name registration service, as opposed to possession and control of a website."). Here, domain name registration is the only alleged conversion.

[5] This company is not affiliated with Automattic or WordPress.com. (*See, e.g.,* Dkt. No. 41 at 13, 15, 17, 18, 32, 36.)

WordPress.com stating that "we need you to start the domain transfer." (*Id.* at 37-38.) The copy of the email is a bit unclear, but it appears to relate to the chat conversation referenced at p. 50 of Docket No. 41, thus providing further evidence that Ms. Brown consented to the registration of www.transpersonalway.training with Automattic. For all of these reasons, the TAC's conversion claim fails as a matter of law.

**d. <u>The Fraud Claim Must be Dismissed Because Plaintiff Has Failed to Identify Any False Statements or Justifiable Reliance and Fails to Meet the FRCP 9(b) Particularity Standard.</u>**

The TAC fails to state a claim for fraud, and further fails to meet the heightened particularity standard required by F.R.C.P. 9(b). The elements of fraud under New York law are:

> (1) the defendant made a false representation of a material fact; (2) with knowledge of its falsity; (3) with scienter, namely an intent to defraud the plaintiff; (4) and upon which plaintiff justifiably relied; (5) thereby causing damage to the plaintiff.

*Cofacredit, S.A. v. Windsor Plumbing Supply Co., Inc.*, 187 F.3d 229, 239 (2d Cir. 1999). Here, the TAC fails to identify any misstatements of fact made by Automattic.[6] Moreover, Ms. Brown fails to allege that she justifiably relied on any misstatements made by Automattic. Finally, the TAC does not allege any damage due to alleged misstatements. Therefore, any allegation of fraud must be dismissed for failure to state a claim.

The TAC also fails to meet the heightened particularity standard required by F.R.C.P. 9(b). The Second Circuit has held that Rule 9(b) requires complaints to "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *Cosmas v. Hassett*, 886 F.2d 8, 11 (2d Cir. 1989). Further, the TAC must include allegations "that give rise to a *strong* inference of fraudulent intent." *First Capital Asset Management, Inc. v. Satinwood, Inc*. 385 F.3d 159, 179 (2d Cir. 2004) (emphasis in original). Here, the TAC utterly fails to provide any such specificity—indeed, there are no misstatements specified and no allegations showing any fraudulent intent. Therefore, Ms. Brown's fraud claim must be dismissed.

[6] To the extent the TAC alleges that Automattic falsely stated that it was the registrar for www.thetranspersonalway.training, such a statement cannot form the basis of a fraud claim because Ms. Brown's own documents attached to the TAC show that Automattic was, in fact, the registrar. (*See*, Dkt. No. 41 at 45.)

**e. Plaintiff's Allegations Relating to 24x7wpsupport.com do Not Relate to Automattic.**

Much of the documentation in Plaintiff's TAC seems to concern communications with 24x7wpsupport.com. (See Dkt. No. 41, at 10-33, 59-63.) To the extent Plaintiff asserts claims against Automattic based on the alleged conduct of 24x7wpsupport.com, those claims fail because Automattic is not affiliated with 24x7wpsupport.com. Plaintiff evidently alleges misconduct on the part of 24x7wpsupport.com, and included logs of her conversations with 24x7wpsupport.com with her second amended complaint. (*See* Dkt. No. 39 at 12:10-18 [Plaintiff stating she requested that "24/7 Word Support . . . That is WordPress.org" transfer her WordPress domain to Bluehost"].) During those conversations, she was repeatedly informed that 24x7wpsupport.com was not wordpress.com. (*See* Dkt. No. 41 at 13 of 83; 17 of 83 ["we are a 3rd party technical support team we are not from wordpress.com"]; 18 of 83; 32 of 83; 33 of 83.) 24x7wpsupport.com also discloses on its website that it is "not affiliated with Automattic . . . or WordPress." (Declaration of Melinda Morton at Exhibit C.) Accordingly, Automattic is not liable for any claim Plaintiff may have against 24x7wpsupport.com.

**f. Leave to Amend the TAC Would be Futile.**

Automattic's motion to dismiss should be granted without leave to amend. Although Ms. Brown should be accorded "every reasonable opportunity to demonstrate that [s]he has a valid claim," she has had four attempts, and granting a fifth attempt would not be "productive." *Vasquez v. Yadali*, No. 16-CV-00895 (PMH) 2020 WL 6384067, at *1 (S.D.N.Y., Oct. 30, 2020). "The repeated failure to cure any deficiencies, alone, is a reason sufficient to deny Plaintiff's request." *Id.* at *2. Moreover, amendment of the claims would be futile, as each alleged claim has a fatal flaw that cannot be plausibly pled around. *Ruotolo v. City of New York* (2d Cir. 2008) 514 F.3d 184, 191. For these reasons, the TAC should be dismissed without leave to amend.

**g. Alternatively, Plaintiff Should Provide A More Definite Statement Of Her Claim Because The Operative Complaint Does Not Identify Automattic's Alleged Misconduct Or The Harm Plaintiff Has Allegedly Suffered**

Rule 12(e) enables a defendant to demand a more definite statement of the claims against it when the complaint is "so vague or ambiguous" that the defendant "cannot reasonably prepare a response." *Rohring*, 2020 WL 2465091, at *2 (quoting Fed. R. Civ. P. 12(e)). Plaintiff's operative complaint fails to identify Plaintiff's causes of action. Thus, Automattic "cannot reasonably prepare

a response" because it is forced to speculate as to what claims are asserted against it. *See Phipps v. City of New York*, No. 17-CV-6603 (ALC), 2019 WL 4274210, at *3 (S.D.N.Y. Sept. 10, 2019) (*citing Pelmen ex rel. Pelman v. McDonald's Corp.*, 396 F.Supp.2d 439 (S.D.N.Y. 2005)) ("courts in this district have granted [12(e) motions] when pro se complaints were too convoluted, lengthy, or otherwise too difficult to comprehend.").

It appears that Plaintiff may be trying to assert claims for conversion, fraud, breach of the terms of service, and/or copyright infringement. Plaintiff, however, fails to identify, for example, any personal property Automattic has taken from her, what provisions of the terms of service Automattic breached or how it breached them, what misrepresentations Automattic made on which she relied, how Automattic infringed her alleged copyright, or how she was harmed by any purported misconduct by Automattic. *See Rohring*, 2020 WL 2465091, at *2 (*quoting Parrella v. Lawrence & Mem'l Hosp*., No. 3:08-CV-1445PCD, 2009 WL 1279290, at *5 (D. Conn. May 5, 2009)) (relief under 12(e) appropriate where plaintiff's claim "'amounts to no more than a conclusory assertion that Defendant'" committed a wrong "'and begs the questions: What actions? When? By whom? . . . Rather than esoteric pleading requirements, these matters are fundamental to Plaintiff's providing notice of his cause of action so that Defendant may understand the basic contours of the allegations against it and prepare a defense.'") (alteration added); *see also Gentlewolf v. Windham Cty. Humane Soc*., No. 1:08-CV-261, 2009 WL 4067798, at *4 (D. Vt. Nov. 23, 2009) (granting Rule 12(e) motion where vague references to a defendant's misconduct did not provide adequate notice). Plaintiff has never identified these necessary elements of any of these hypothetical claims, despite extensive guidance from the Court. Therefore, if the Court is inclined not to dismiss Plaintiff's operative complaint under Rule 12(b)(6), Automattic respectfully requests that the Court order Plaintiff to provide a more definite statement of her claim(s).

## V. CONCLUSION

For the foregoing reasons, Automattic respectfully requests that the Court grant its motion to dismiss without leave to amend, or, in the alternative, its motion for a more definite statement.

Dated: December 16, 2020

Respectfully submitted,
PROCOPIO, CORY, HARGREAVES & SAVITCH

/s/ *Mindy Morton*
Melinda M. Morton
1117 S. California Ave, Suite 200
Palo Alto, CA 94304 Telephone: (650) 645-9000 Facsimile: (619) 235-0398
mindy.morton@procopio.com

Dated: December 16, 2020

Respectfully submitted,
SMITH MAZURE, P.C.

*/s/ Alan Sclar*

Alan Sclar
111 John Street
New York, NY 10038
(212) 964-7400 (Main)
(212) 485-8724 (Direct)
(212) 374-1935 (Fax)
asclar@smithmazure.com

Attorneys for Automattic Inc.